**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LARRY JACKSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-903 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion appears to be time-barred, and the Court will order movant to show cause why the motion should not be summarily dismissed.

On December 9, 2015, movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(1). On April 15, 2016, the Court sentenced movant to a total term of 57 months' imprisonment, to be served concurrently with the sentence imposed in the Circuit Court, St. Louis, Missouri, under Docket No. 1222-CR02526.[1] Movant did not appeal his conviction or sentence.

In his motion to vacate, movant asserts that he is entitled to jail time credit against his federal sentence, from the time he was arrested by state officers on March 9, 2015 until he was sentenced by this Court as a felon in possession on April 15, 2016.[2]

_____

[1] At the time of sentencing, movant was subject to a pending parole revocation in state court for unlawful possession of a firearm. *See State v. Jackson*, No. 1222-CR02526 (21st Judicial Circuit, St. Louis City Court).

[2] Movant's argument is non-cognizable under 28 U.S.C. § 2255, because this Court chose not to invoke U.S.S.G. §5G1.3 at the time of movant's sentencing. Thus, the matter is one which must be brought to the Bureau of Prisons, who is in charge of credit for prior custody, pursuant to 18 U.S.C.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District

Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears

that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A district court may consider, on its own initiative, whether a habeas action is barred by

the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before

dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1),

and is subject to summary dismissal. An unappealed criminal judgment becomes final for

---

§ 3585(b). Further, because movant's argument involves questions relating to the execution of his sentence, which must be brought pursuant to 28 U.S.C. § 2241 in the District Court in which movant is housed, movant must first exhaust his administrative remedies with the Bureau of Prisons with regard to this issue prior to litigating the matter in Court, pursuant to 28 U.S.C. § 2241.

purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. *Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005).

In this case, the judgment became final fourteen days after the judgment was entered on April 15, 2016. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on about April 29, 2017. The instant motion was signed by movant on May 31, 2018.[3]

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why the instant § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if movant fails to comply with this Order, his § 2255 motion will be dismissed.

Dated this 12th day of June, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE

---

[3]The Court notes, however, that movant first raised his argument requesting "jail time served" in a "motion to correct a clerical error in the judgment" filed in his criminal case on October 23, 2017. *See United States v. Jackson*, No. 4:15CR249 SNLJ (E.D.Mo.), Docket No. 67. Even if movant's motion to vacate were said to relate back to the "motion to correct clerical error," the motion to vacate would still be untimely.