UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARRY JACKSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:18-CV-903 SNLJ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's response to the order to show cause.[1] Having carefully reviewed petitioner's response, the Court concludes that his arguments are without merit, and that the instant action is time-barred under 28 U.S.C. § 2255(f).

### **Background**

On December 9, 2015, movant pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(1). On April 15, 2016, the Court sentenced movant to a total term of 57 months' imprisonment, to be served concurrently with the sentence imposed in the Circuit Court, St. Louis, Missouri, under Docket No. 1222-CR02526.[2] Movant did not appeal his conviction or sentence.

---

[1]On June 12, 2018, the Court ordered movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred.

[2]At the time of sentencing, movant was subject to a pending parole revocation in state court for unlawful possession of a firearm. *See State v. Jackson*, No. 1222-CR02526 (21st Judicial Circuit, St. Louis City Court).

In his motion to vacate, movant asserts that he is entitled to jail time credit against his federal sentence, from the time he was arrested by state officers on March 9, 2015 until he was sentenced by this Court as a felon in possession on April 15, 2016.[3]

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255(f)(1), a 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-- (1) the date on which the judgment of conviction becomes final. Because movant failed to appeal his judgment, his conviction became final fourteen days after it was entered on April 15, 2016. *See Moshier v. United States*, 402 F.3d 116, 118 (2nd Cir. 2005); Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired on about April 29, 2017. The instant motion was signed by movant on May 31, 2018, or over a year later.[4]

## Discussion

In his response to the Court's Order to Show Cause, movant asserts that "he was not actually delivered to the Bureau of Prisons until July 3, 2017 and prior to that time he did not

---

[3] Movant's argument is non-cognizable under 28 U.S.C. § 2255, because this Court chose not to invoke U.S.S.G. §5G1.3 at the time of movant's sentencing. Thus, the matter is one which must be brought to the Bureau of Prisons, who is in charge of credit for prior custody, pursuant to 18 U.S.C. § 3585(b). Further, because movant's argument involves questions relating to the execution of his sentence, which must be brought pursuant to 28 U.S.C. § 2241 in the District Court in which movant is housed, movant must first exhaust his administrative remedies with the Bureau of Prisons with regard to this issue prior to litigating the matter in Court, pursuant to 28 U.S.C. § 2241.

[4] The Court notes, however, that movant first raised his argument requesting "jail time served" in a "motion to correct a clerical error in the judgment" filed in his criminal case on October 23, 2017. *See United States v. Jackson*, No. 4:15CR249 SNLJ (E.D.Mo.), Docket No. 67. Even if movant's motion to vacate were said to relate back to the "motion to correct clerical error," the motion to vacate would still be untimely.

2

have access to the federal law library wherein he would be able to research his issues." Movant asserts that before that time he requested access to "federal law materials" from his prior custodial officials but his requests were denied. Movant fails to tell the Court where he was incarcerated prior to being delivered to the Bureau of Prisons. Nonetheless, it appears that movant is seeking the benefit of equitable tolling with regard to his statute of limitations.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is Aan exceedingly narrow window of relief.@ *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001). "Pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate to warrant equitable tolling." *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); *Kreutzer v. Bowersox,* 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

Unfortunately, movant has failed to articulate exactly how he was diligent in pursuing his rights in attempting to file his motion to vacate in this Court. He has not articulated exactly what his custody situation was like during the time it took him to file his 2255, what types of legal resources he had access to, or how he was allegedly kept from pursuing his legal remedies at the Court. Moreover, movant has not indicated why, if he was in federal custody as of July 2017, it took him until May of 2018 to file his motion to vacate. These facts weigh against movant's

3

burden of establishing that he has been faithfully pursuing his rights in order to gain the benefit of equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Given the aforementioned, the Court finds that equitable tolling shall not issue and the statute of limitations bars movant's motion to vacate.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside and correct sentence is **DENIED AND DISMISSED AS TIME-BARRED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 18th day of July, 2018.

                                          STEPHEN N. LIMBAUGH, JR.
                                          UNITED STATES DISTRICT JUDGE